**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *et al.*, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> CVS PHARMACY, INC. *et al.*, <br><br> Defendant. | 19 Civ. 1550 (JGK) <br> 19 Civ. 11244 (JGK) |
| UNITED STATES OF AMERICA *et al. ex rel.* ZIMNISKI, <br><br> Plaintiffs, <br><br> v. <br><br> CVS HEALTH CORPORATION *et al.*, <br><br> Defendants. | 19 Civ. 1550 (JGK) |

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* WU,<br><br>Plaintiffs,<br><br>v.<br><br>CVS HEALTH CORPORATION *et al.*,<br><br>Defendants. | 19 Civ. 11244 (JGK) |

## **ORDER**

Upon consideration of the State of California's and Relators' Joint Stipulation of Dismissal, and pursuant to the terms of the February 2, 2026 California Insurance Frauds Prevention Act Settlement Agreement and Release (the "IFPA Settlement Agreement") between California Insurance Commissioner Ricardo Lara on behalf of the State of California, by and through the California Department of Insurance, Relators Wayne Wu and Nicholas Zimniski (collectively "Relators"), and Defendants CVS Health Corporation and CVS Pharmacy, Inc. (collectively, "Defendants" or "CVS"):

IT IS HEREBY ORDERED THAT:

1. The claims of the State of California and Relators under Insurance Code section 1871.7 against Defendants predicated upon the following factual allegations (the "Covered Conduct") are dismissed with prejudice consistent with the terms of the IFPA Settlement Agreement:

From January 2011 through December 2020, CVS violated the IFPA by knowingly submitting, or causing to be submitted, false claims to California commercial insurance plans for reimbursement for insulin pens where CVS: (i) dispensed more insulin to

members than was specified by their prescriptions and refilled prescriptions substantially before members needed the refills; (ii) falsely under-reported the days-of-supply for the insulin refills (i.e., the number of days that the dispensed quantity of insulin should last if used according to the prescriber's directions for use), which often prevented Pharmacy Benefit Managers from detecting that the refills were premature; and (iii) failed to comply with applicable rules when refilling insulin prescriptions requiring pharmacies to calculate refill dates using the actual days-of-supply dispensed. As a result of these false claims, California commercial insurers reimbursed CVS for more insulin than CVS was authorized to dispense and for more insulin than members needed pursuant to their prescriptions.

2.    Except as provided herein, all other claims of Relators and the State of California in the above-captioned actions against Defendants under California Insurance Code section 1871.7 are dismissed without prejudice.

3.    This Order does not dismiss any claims made under any state false claims laws, including the California False Claims Act, Cal. Gov't Code §§ 12650 et seq.

4.    Notwithstanding the foregoing, this Order does not dismiss any claims of Relators or Relators' counsel to reasonable expenses, attorneys' fees, or costs under 31 U.S.C. § 3730(d), California Insurance Code section 1871.7, or any state false claims laws, including the California False Claims Act, Cal. Gov't Code §§ 12650 et seq. Such claims may be made by way of a motion filed within 120 days of the entry of final judgment on all claims in the above-captioned actions.

///

**IT IS SO ORDERED.**

_____, 2026

_____

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE